**E-FILED on** 3-17-2006

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DON ANTIEL,<br><br>    Plaintiff,<br><br>    v.<br><br>G.C.S. CREDIT SYSTEMS, INC. and<br>GENERAL CREDIT SERVICES, INC.,<br><br>    Defendants. | No. C-05-04604 RMW<br><br>ORDER AWARDING ATTORNEY'S FEES<br>AND COSTS<br><br>**[Re Docket Nos. 9, 16, 17]** |

Plaintiff moves for attorney's fees and costs. For the reasons set forth below, the court awards plaintiff $4,335 in fees and $428.85 in costs.

## I. BACKGROUND

On November 8, 2005, attorney Ronald Wilcox filed, on behalf of his client Don Antiel, a complaint against defendants G.C.S. Credit Systems, Inc. and General Credit Services, Inc. for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o and the California Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33. On December 29, 2005, defendants sent Antiel an offer of settlement pursuant to Federal Rule of Civil Procedure 68 for a judgment against defendants of $2,000 "plus any reasonable attorney's fees and

costs that Plaintiff may be entitled to recover in this action." Antiel filed his acceptance of this offer on January 12, 2006. Thus Antiel's action ended.

The parties, however, have chosen to engage in excessive litigation concerning the amount of attorney's fees to be awarded. On January 26, 2006, Wilcox filed a sixteen-page motion for attorney's fees and costs. Wilcox initially sought $4,302 in fees and stated that he would seek an additional amount as compensation for pursuing his fee motion. Along with his motion, Wilcox submitted his own declaration and those of four other individuals. On February 10, 2006, the defendants filed an eleven-page opposition with twenty-two evidentiary attachments; four days later, they filed an amended version of their opposition.[1] On February 17, 2006, Wilcox filed a sixteen-page reply[2] and two more declarations. On March 1, the defendants filed an eleven-page "surrebuttal." The next day, Wilcox moved to strike it and requested, in the alternative, leave to respond. The court will strike defendants' improperly-filed surrebuttal.

## II.  ANALYSIS

Wilcox claims a reasonable hourly rate for his services is $300 per hour and $90 per hour for those of his paralegal. Wilcox initially sought compensation for 13.2 hours of his own work and 3.8 hours of his paralegal's work. Mot. at 11. Defendants do not challenge Wilcox's entitlement to attorney's fees and costs,[3] but do challenge the amount sought.

Under the FDCPA, a prevailing plaintiff is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). An award of attorney's fees is within the discretion of this court. *See Morales v. City of San Rafael*, 96 F.3d 359, 362 (1996). When awarding fees, courts are to use the lodestar method to determine a "reasonable attorney fee." *Id.* at 363. A "reasonable attorney's fee" is the number of hours and the

---

[1] The court has primarily considered only the initial opposition. The defendants' opposition was due on February 10; their amended opposition was four days late. The defendants do not explain or justify their late filing. Cursory comparison of the two versions of the opposition show that some spelling errors in the first version were corrected in the section (*see, e.g.*, footnote 1). Defendants also failed to comply with General Order 45.VI.G, which required delivery of a paper copy of their amended opposition by noon on February 15, 2006.

[2] This exceeded the fifteen-page limit of Civil L.R. 7-4(b).

[3] Nor do defendants object to Wilcox's request for reimbursement of $428.85 in costs. Opp'n at 11. The court will therefore award Wilcox $428.85 in costs.

ORDER AWARDING ATTORNEY'S FEES AND COSTS—No. C-05-04604 RMW
JAH                                                     2

hourly rate that "reasonably competent counsel" would charge. *Venegas v. Mitchell*, 495 U.S. 82, 86 (1990). After the court calculates the "lodestar figure" by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate," the court then considers whether "it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation."[4] *Morales*, 96 F.3d at 363 (footnote omitted). The lodestar figure is presumptively reasonable, and adjustments should be made only in rare cases. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 US 546, 565 (1986).[5]

**A. Hours**

Wilcox must prove the hours expended on this action are reasonable and that his rate is "in line with" rates "prevailing in the community for" this type of representation. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Wilcox has submitted detailed records documenting his time spent on this case. Wilcox Decl., Ex. 1. Defendants object that Wilcox has filed several actions like Antiel's before, and that he is unlikely to have actually spent 13.2 hours working on the case (or that he should have delegated more than 3.8 hours of work to his paralegal.) Opp'n at 8-10. While the hours Wilcox seeks compensation for seem on the high side for a case that involved a relatively simple claim and settled as quickly as this one did, the court cannot say any entry in Wilcox's time records is unreasonable. The court will therefore accept 13.2 hours of Wilcox's time (and 3.8 hours of his paralegal's time) as reasonable for this case.

The court does not, however, consider the hours Wilcox spent on this motion for fees reasonable. "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

---

[4] The "*Kerr* factors" are taken rom *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). Though Wilcox lists all twelve *Kerr* factors, *see* Mot. at 6 n.2, *Kerr* predated general use of the lodestar method and several of the *Kerr* factors are inherently "subsumed" within the lodestar calculation, *see Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1182 (N.D. Cal. 2004) (Walker, J.). "Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, (4) the results obtained, and (5) the contingent nature of the fee agreement." *Morales*, 96 F.3d at 364 n.9 (ellipses, quotation marks, and citations omitted).

[5] This, sadly, is not a rare or unusual case.

The documents lodged in connection with this motion have been excessive; the majority of the pages in the clerk's file for this case relate only to the parties' dispute over fees.[6] While Wilcox complains that he has had to spend several hours working on this fee motion, he bears the brunt of the blame for that, as he set the tone for this motion by filing a motion for fees of excessive length.

**B. Hourly rate**

The parties cite several cases in which a reasonable hourly rate for Wilcox has allegedly been determined: *Breon v. Capital Recovery Associates, Inc.*, 2005 U.S. Dist. LEXIS 29409 (N.D. Cal. Nov. 8, 2005) (Ware, J.); *Montez v. Capital Recovery Associates, Inc.*, 2005 U.S. Dist. LEXIS 29108 (N.D. Cal. Nov. 8, 2005) (Ware, J.); *Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601 (N.D. Cal. Aug. 25, 2005) (Whyte, J.); *Grinzi v. Barnes*, 2005 WL 3434871 (N.D. Cal. Dec. 14, 2005) (Trumbull, M.J.); *In re Anontio*, 03–50084 (Bankr. N.D. Cal. Nov. 1, 2005) (Grube, J.). In *Davilla*, this court awarded Wilcox fees at a rate of $300 per hour without extensive analysis of the reasonableness of that rate. 320 F.R.D. at 602. In *Grinzi*, the court awarded $2,880 in attorneys' fees to a party represented by Wilcox and another attorney on an unopposed motion for sanctions. 2005 WL 3434871 at *1. The court did not list a rate for or number of hours worked by either attorney. *Id*. In *Antonio*, the court awarded Wilcox $1,000 in attorney's fees in a bankruptcy matter without discussing Wilcox's billing rate. *See* Req. for Judicial Notice in Supp. of Def.s' Opp'n to Pl.'s Mot. for Att'y's Fees & Costs, Ex. D.

In *Breon* and *Montez*, the court found that the cases were simple and straightforward because all counsel had done was "formulate the complaint, obtain an entry of default, and immediately thereafter, file an unopposed motion for default judgment." *Breon*, 2005 U.S. Dist. LEXIS 29409, at *7; *Montez*, 2005 U.S. Dist. LEXIS 29108, at *7. Relying largely on *Yahoo! Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1183 (N.D. Cal. 2004) (Walker, J.), and considering publicly-available data from the U.S. Census Bureau and the U.S. Department of Labor, the court estimated "$ 210.51/hr as the average market rate for lawyers in the San Jose area." *Breon*, 2005 U.S. Dist.

---

[6] Many of the documents are also of questionable relevance. For example, Wilcox submits 2005 billing rates for the Mountain View-based law firm Fenwick & West LLP. *See* Wilcox Decl., Ex. 2. Wilcox, though, does not compare his skill, experience, or reputation with that of attorneys working for Fenwick & West and does not establish that Fenwick & West even does Fair Debt Collection Practices Act work.

LEXIS 29409, at *8; *Montez*, 2005 U.S. Dist. LEXIS 29108, at *8.  The court also estimated $78.55 per hour as the "average hourly rate for legal assistants in the San Jose area." *Breon*, 2005 U.S. Dist. LEXIS 29409, at *9; *Montez*, 2005 U.S. Dist. LEXIS 29108, at *8.

The court finds that $250 per hour is a reasonable rate.  That amount recognizes that Wilcox has expertise in Fair Debt Collection Practices Act cases but that this case was relatively simple and involved a limited amount of money.  The case was certainly not a "rare" one justifying departure from the presumptively-reasonable lodestar rate.  All Wilcox did was formulate a complaint and accept an offer for judgment under Rule 68 before bringing the instant motion for attorney's fees.  The court will therefore award fees at the rate of $250 per hour for Wilcox and $75 for his paralegal.  This comes to a reasonable attorney's fee of $3,300 and paralegal fees of $285.[7]  The court awards an additional $750 for pursuit of the petition for fees.  In light of the amounts involved, both sides unnecessarily engaged in excessive litigation regarding fees.

### III.  ORDER

For the foregoing reasons, the court awards plaintiff:

1. $3,300 as a reasonable attorney's fee and $285 as a reasonable paralegal's fee for the work done in this action through settlement;
2. $750 as a reasonable attorney's fee for the pursuit of attorney's fees; and
3. $428.85 in costs incurred prosecuting this action.

This award totals $4,763.85.

DATED:     3/8/06                    /s/ Ronald M. Whyte
                                     RONALD M. WHYTE
                                     United States District Judge

---

[7]     $250 per hour multiplied by 13.2 hours of Wilcox's time comes to $3,300.  $75 per hour multiplied by 3.8 hours of his paralegal's time comes to $285.

1 | **Notice of this document has been electronically sent to:**

2 | **Counsel for Plaintiff:**

3 | Ronald Wilcox              ronaldwilcox@post.harvard.edu

4 | **Counsel for Defendants:**

5 | Brian J. Hannon            bhannon@mghhsj.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     3-17-2006                /s/ JH
                                **Chambers of Judge Whyte**